IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RUBEN SALAZAR VASQUEZ,** | § § § | |
| **Movant,** | § § | |
| **V.** | § § | **NO. 3:24-CV-0440-E** |
| | § | **(NO. 3:21-CR-214-E-3)** |
| **UNITED STATES OF AMERICA,** | § § | |
| **Respondent.** | § § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Ruben Salazar Vasquez under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On May 4, 2021, Movant was named in a four-count indictment charging him in count one with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, in violation of 21 U.S.C. § 846, in count two with possession with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), and in count four with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). CR ECF No.[1]

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:21-CR-214-E-3.

1. Movant entered a plea of not guilty. CR ECF No. 25. He later signed a factual resume, CR ECF No. 68, and a plea agreement. CR ECF No. 69. Pursuant to the plea agreement, Movant agreed to enter a plea of guilty to the offense alleged in count two of the indictment for which the maximum penalty was a term of imprisonment of not less than five years or more than forty years and the government agreed not to bring any additional charges based on the conduct underlying and related to the plea and to dismiss any remaining charges against Movant. *Id.* In addition, the plea agreement set forth that Movant understood that no one could predict with certainty the sentence that would be imposed, which was solely in the Court's discretion; his plea was freely and voluntarily made and not the result of force, threats, or promises; Movant waived the right to appeal or otherwise challenge his conviction or sentence except in certain limited circumstances; and that he had thoroughly reviewed all the legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided to him. *Id.* The factual resume set forth the elements of the offense alleged in count two of the indictment and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 68.

On August 16, 2022, Movant entered his plea of guilty to count two of the indictment. CR ECF No. 76. He testified under oath that: he and counsel had discussed the application of the guidelines but he understood that no one could predict or assure him of any sentence; he was fully satisfied with counsel; he understood the essential elements of count two of the indictment and he committed each one; no one had threated or forced or promised him anything to enter into the guilty plea; he read, understood, and discussed the plea agreement with counsel before signing it; he freely and voluntarily waived his right to appeal or otherwise challenge his sentence except in limited circumstances; he understood he faced a term of imprisonment of not less than five or more

2

than forty years; he understood he would still be bound by the plea if his sentence was greater than he expected; he read, understood, and discussed the factual resume with counsel before signing it and the facts listed in it were true and correct. CR ECF No. 119.

The Court sentenced Movant to a term of imprisonment of 188 months. CR ECF No. 103. He appealed, CR ECF No. 107, despite having waived the right to do so. CR ECF No. 69, ¶ 12. The attorney appointed to represent Movant on appeal filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and was allowed to withdraw. The United States Court of Appeals for the Fifth Circuit dismissed the appeal as presenting no nonfrivolous issue. *United States v. Vasquez*, No. 23-10073, 2023 WL 5814902 (5th Cir. Sept. 8, 2023).

## II.   GROUNDS OF THE MOTION

Movant raises four grounds in support of his motion, all complaining that he received ineffective assistance of counsel. ECF No.[2] 1. He alleges that counsel failed to: (1) conduct an independent investigation, which would have shown that Movant did not commit any of the crimes charged, and failed to request/subpoena witnesses to testify on his behalf; (2) negotiate a favorable plea; (3) request an evidentiary hearing to suppress evidence; and (4) properly communicate with Movant to discuss strategy, discovery, or any potential motions and failed to communicate with his family to discuss the case. *Id.*

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action. Movant submitted both a handwritten and a typewritten motion, which are combined in ECF No. 1. Page number references to that document will be to "Page __ of 30" reflected at the top right portion of the document on the Court's electronic filing system.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.     ANALYSIS**

All of Movant's grounds concern conduct that occurred before he entered his plea of guilty. A guilty plea waives all nonjurisdictional defects in the proceedings against a defendant, including ineffective assistance of counsel, except as the ineffectiveness relates to the voluntariness of the plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Movant does not contend that his plea was not knowing or voluntary. Nor could he. The record reflects that that Movant's plea was knowing, voluntary, and intelligent. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for the alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant has not cited to any contemporaneous evidence to support his position, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

Another reason all of Movant's claims fail is that they are conclusory and unsupported. *Miller*, 200 F.3d at 282. For example, Movant alleges that counsel failed to conduct an investigation, but he fails to allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). He simply makes the conclusory allegation that he would have been exonerated. ECF No. 1 at 4, 25.

Movant complains that counsel failed to "request/subpoena any witnesses," ECF No. 1 at 4, 25. To prevail on a claim about uncalled witnesses, the movant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). Movant makes no attempt to do so.

Nor does Movant attempt to show that a suppression motion would have been meritorious, that counsel's failure to pursue one was objectively unreasonable, and that, but for

counsel's failure, he would not have pleaded guilty. *United States v. Ratliff*, 719 F.3d 422, 423 (5th Cir. 2013).[3] He leaves the Court to speculate as to how he could have been exonerated.

Movant's second and fourth grounds are equally conclusory, alleging that counsel failed to negotiate a favorable plea and that counsel failed to adequately communicate with Movant and his family. ECF No. 1 at 5, 8, 25, 26. Movant is mistaken in alleging that counsel failed to negotiate a favorable plea. Movant's plea to count two of the indictment gave him a much more favorable sentencing exposure than he would have had if he had been convicted of all three counts. *See* ECF No. 7 at 9–10 (explaining that movant would have been subject to a mandatory minimum sentence of ten years and a maximum of life and a consecutive mandatory minimum sentence of five years and maximum of life). If Movant is contending that he could have gotten a better deal, he does not explain how that might have been possible. Moreover, he does not explain how any alleged lack of communication affected his plea. He testified under oath at rearraignment that he had thoroughly discussed his case with counsel and was satisfied with the representation counsel provided. He understood the consequences of the plea and had not been improperly influenced in any way to enter it. CR ECF No. 119. His sworn declarations in open court are entitled to a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006). His plea agreement and factual resume are entitled to that same presumption and are accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985).

---

[3] The government notes that Movant would not have had standing to contest the key evidence against him as it was obtained by search warrant of, or abandonment by, co-defendants. *See United States v. Colbert*, 474 F.2d 174, 176 (5th Cir. 1973) (defendant has no standing to contest search warrant directed at someone else). ECF No. 7 at 8–9.

V.  CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **14th day** of **June, 2024**.

Ada E. Brown
UNITED STATES DISTRICT JUDGE